IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSALYN BERNISE MCGINNIS | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. CCB-09-1978 |
| GERARD R. VETTER, | : | |
| CHAPTER 13 TRUSTEE | : | |

...o0o...

## MEMORANDUM

Now pending before the court is Rosalyn Bernise McGinnis's appeal from an Order by the United States Bankruptcy Court for the District of Maryland. The parties have fully briefed the issues and no oral argument is necessary. For the reasons stated below, the bankruptcy court's order will be affirmed.

## BACKGROUND

Ms. McGinnis filed for Chapter 7 bankruptcy on October 13, 2005 in the United States Bankruptcy Court for the District of Maryland. On February 27, 2006, the court granted Ms. McGinnis's motion to convert her case from Chapter 7 to Chapter 13. Pursuant to 11 U.S.C. § 1325, Ms. McGinnis proposed a plan for satisfying her debts which the court approved on June 1, 2006. According to the plan, Ms. McGinnis was to pay the Chapter 13 Trustee, Gerard R. Vetter, $560 per month for 60 months and $4,000 once a year for four years.

Ms. McGinnis never made the annual $4,000 payments and stopped making the monthly payments after losing her job in August 2008. Accordingly, Mr. Vetter moved to dismiss the case on April 3, 2009 because of Ms. McGinnis's material default on her payments. Ms. McGinnis objected to this motion and moved to modify the plan such that she would pay $300 per month for

60 months. Mr. Vetter objected to the proposed modification because he did not have a current market analysis of Ms. McGinnis's real property and she had failed to file Schedules I and J. Mr. Vetter also argued that under 11 U.S.C. § 1329, Ms. McGinnis could not retroactively try to change the payment amount under the plan.

Judge E. Stephen Derby held a hearing on May 27, 2009, during which he explained to Ms. McGinnis that he could not approve her proposed modification because the total payment amount would be less than her creditors would have received under Chapter 7. (*See* Appellant's Br., Hr'g Tr. at 11, 16.) On June 16, 2009, the bankruptcy court denied Ms. McGinnis's motion to modify the plan and granted Mr. Vetter's motion to dismiss. Ms. McGinnis now appeals from the bankruptcy court's order, arguing that the court improperly treated the criteria for confirming a plan under 11 U.S.C. § 1325(a)[1] as mandatory rather than discretionary.

---

[1] 11 U.S.C. § 1325(a) states:
Except as provided in subsection (b), the court shall confirm a plan if--
**(1)** the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
**(2)** any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
**(3)** the plan has been proposed in good faith and not by any means forbidden by law;
**(4)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
**(5)** with respect to each allowed secured claim provided for by the plan--
**(A)** the holder of such claim has accepted the plan;
**(B)(i)** the plan provides that--
**(I)** the holder of such claim retain the lien securing such claim until the earlier of--
**(aa)** the payment of the underlying debt determined under nonbankruptcy law; or
**(bb)** discharge under section 1328; and
**(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
**(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
**(iii)** if--
**(I)** property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
**(II)** the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
**(C)** the debtor surrenders the property securing such claim to such holder;
**(6)** the debtor will be able to make all payments under the plan and to comply with the plan;

## ANALYSIS

This court reviews the bankruptcy court's findings of fact for clear error, *see* Fed. R. Bankr. P. 8013, and its conclusions of law de novo. *See In re White*, 487 F.3d 199, 204 (4th Cir. 2007). As the central issue in this appeal is whether the bankruptcy court correctly refused to approve a Chapter 13 plan that did not comply with the factors set out in 11 U.S.C. § 1325(a), a question which depends in part on whether these factors are mandatory, the court will review the case de novo. *See id.*

It first should be noted that even if the criteria set out in § 1325(a) are not mandatory, the appellant would still have to prove that the bankruptcy court abused its discretion by rejecting Ms. McGinnis's proposed modification and dismissing her case. The appellant has not argued that the court below abused its discretion and, after reviewing the record, this court finds no evidence of any such abuse. Given that Ms. McGinnis had materially defaulted on her payment plan and her proposed modification would decrease the total amount her creditors would receive, the court's decision to reject the proposed modification and dismiss the case seems reasonable.

In any event, the case law strongly suggests that the criteria in § 1325(a) are mandatory rather than discretionary. *See Associates Commercial Corp. v. Rash*, 520 U.S. 953, 956 (1997) (describing the provisions of § 1325(a) as "requirements" which must be satisfied before a plan may be confirmed under Chapter 13); *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 462 (6th Cir.

---

**(7)** the action of the debtor in filing the petition was in good faith;
**(8)** the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and
**(9)** the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.
For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing

2009) (holding that "the provisions in 11 U.S.C. § 1325(a) are mandatory requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code and that a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements"); *In re Jones*, 530 F.3d 1284, 1290 (10th Cir. 2008) (same); *In re Bateman*, 331 F.3d 821, 829 n.7 (11th Cir. 2003) (noting, without deciding, that the provisions of § 1325 are likely mandatory); *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994) (reasoning that "[f]or a court to confirm a plan, each of the requirements of section 1325 *must be present* and the debtor has the burden of proving that each element has been met") (internal quotation marks omitted) (emphasis in original); *see also In re Murphy*, 474 F.3d 143, 148 (4th Cir. 2007) (explaining that unsecured creditors in a Chapter 13 bankruptcy "need not be paid in full, provided, among other things," the plan complies with §§ 1325(a)(3)-(4)); *In re Smith*, 286 F.3d 461, 468 (7th Cir. 2002) (noting that the Bankruptcy Code allows for payments under a Chapter 13 plan "so long as" they comply with § 1325(a)(4)); *In re Solomon*, 67 F.3d 1128, 1132 (4th Cir. 1995) (describing § 1325(a)(4) as a "prerequisite for confirmation of a Chapter 13 plan"); *In re Simmons*, 765 F.2d 547, 553-54 (5th Cir. 1985) (referring to the criteria of § 1325(a)(5) as "prerequisites" and to § 1325(a)(4) as a requirement to be satisfied prior to the plan being confirmed); *Deans v. O'Donnell*, 692 F.2d 968, 971 (4th Cir. 1982) (observing that § 1325(a)(4) is required in order to provide protection to unsecured creditors).

Ms. McGinnis relies primarily on two cases in support of her argument that the provisions of § 1325(a) are discretionary. *See In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) (noting that "the provisions of § 1325(a)(5) may be discretionary"); *In re Szostek*, 886 F.2d 1405, 1412 (3d Cir. 1989) (concluding that "the provisions of § 1325(a) are not mandatory"). These cases, however, predate the Supreme Court's description of the § 1325(a) criteria as requirements in *Rash*, and their conclusions today might well be different. *See Bateman*, 331 F.3d at 829 n.7 (noting that *Rash*

4

settled the question of whether the provisions of § 1325(a) are mandatory). Furthermore, the court in *Szostek* qualified its statement regarding the discretionary nature of § 1325(a) by limiting its conclusion to "the facts of this case." *Szostek*, 886 F.2d at 1414. The facts of *Szostek* are distinguishable from those of the present case in that no party timely objected to the debtor's Chapter 13 plan before it was confirmed. *Id.* at 1414. Furthermore, *Escobedo* concerned only 11 U.S.C. § 1322; the Seventh Circuit characterized the provisions of § 1325(a) as discretionary purely by way of comparison. *See Escobedo*, 28 F.3d at 35.[2]

Accordingly, this court concludes that the provisions of § 1325(a) are most likely mandatory. As Ms. McGinnis's creditors would have received less under her proposed plan than they would have under a Chapter 7 liquidation, the proposed modified plan did not satisfy § 1325(a)(4). Even if there may be specific circumstances under which the provisions of § 1325(a) should not be deemed mandatory, in this instance it was not an abuse of the bankruptcy court's discretion to deny Ms. McGinnis's motion and to dismiss her case.

## **CONCLUSION**

For the foregoing reasons, the bankruptcy court's ruling will be affirmed. A separate Order follows.

March  31, 2010                                              /s/
Date                                                        Catherine C. Blake
                                                            United States District Judge

---

[2] Ms. McGinnis points to Judge Derby's opinion in *In re Andrews*, No. 02-67118, slip op. (Bankr. D. Md. Apr. 12, 2004), in which Judge Derby found the provisions of § 1325(a) were not mandatory in all instances. The transcript of the May 27, 2009 hearing, however, suggests Judge Derby may now think § 1325(a)(4) is mandatory. (*See* Appellant's Br., Hr'g Tr. at 11, 16.)